UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ANTHONY GATES, | Case No. C07-1835-MJP-JPD |
| Plaintiff, | |
| v. | |
| STARBUCKS COFFEE CORPORATION, | REPORT AND RECOMMENDATION |
| Defendant. | |

Plaintiff Brian Anthony Gates has filed an application to proceed *in forma pauperis* ("IFP") in this proposed lawsuit against defendant Starbucks Coffee Corporation. Dkt. No. 1-1. While purporting to pursue a civil case, plaintiff fails to present any civil claims; rather, he alleges random violations of the criminal code. Dkt. No. 1-1 at 2-3. After careful consideration of plaintiff's IFP application and supporting materials, the governing law and the balance of the record, the Court ORDERS as follows:

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff's proposed complaint alleges only violations of the criminal code. If

REPORT AND RECOMMENDATION
PAGE – 1

plaintiff intended to pursue any civil claims, he fails to allege sufficient facts to place the defendant on notice of the nature of his claims or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court notes that this is not the first time that plaintiff has lodged a frivolous complaint in this district. *See also Gates v. Department of Justice*, C07-1836-RAJ, Dkt. No. 4. To this end, the Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the extreme deficiencies in plaintiff's proposed complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6). A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to his complaint, he should lodge an amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 27th day of November, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2